IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH CHRISTIAN HERRING,

    Plaintiff,

v.                                             CASE NO. 4:13cv72-RH/CAS

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 9, the plaintiff's objections, ECF No. 10, and the plaintiff's purported "appeals," ECF Nos. 11 and 12. The report and recommendation is not an appealable order. I treat the "appeals" as further objections. I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that the case should be dismissed because it is duplicative of an earlier-filed case brought by the same plaintiff against the same defendants asserting the same claims. There is no reason to have two identical cases proceeding simultaneously. The cases could be consolidated,

but that would impose unnecessary procedural complexity. Dismissing this case will cause the plaintiff absolutely no prejudice.

The plaintiff's rambling responses are virtually unintelligible. He seems to complain about the magistrate judge's involvement in the case and seems not to understand that the earlier case was properly removed to this court and provides as good a vehicle for litigating the plaintiff's claims as does this later-filed case.

The plaintiff is proceeding *pro se*, that is, without an attorney. In this district, in *pro se* cases, magistrate judges routinely handle nondispositive motions and other pretrial matters. A magistrate judge cannot dismiss a case, but a magistrate judge can enter a recommendation for dismissal, which then is reviewed—together with any objections—by a district judge. See 18 U.S.C. § 636; Fed. R. Civ. P. 72. That is what happened here. This was proper in every respect.

The issue comes down to this: when a plaintiff chooses to file a lawsuit that duplicates the claims in an earlier, ongoing lawsuit brought by the same plaintiff against the same defendants, must a district court go forward with each case, or may a district court go forward with the older case and dismiss the newer one without prejudice, saving the court and both sides considerable, unnecessary work? The answer is obvious. Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion. The clerk must enter judgment stating, "The complaint is dismissed without prejudice." The clerk must close the file.

SO ORDERED on April 19, 2013.

s/Robert L. Hinkle
United States District Judge